UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CATHERINE CARTER CALBAZANA,

Petitioner,

v.

BRADLEY POPE,

Respondent.

Case No. 3:26-cv-00181-ART-CLB

SCREENING AND
DISMISSAL ORDER

## I.    SUMMARY

*Pro se* Petitioner Catherine Carter Calbazana has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and an application for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1 ("IFP Application"), 1-1 ("Petition").) The Court finds good cause exists to grant the IFP Application and reviews the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules").[1] For the reasons discussed below, the Court finds that the Petition is unexhausted and federal abstention is required.

## II.    DISCUSSION

Calbazana is a pretrial detainee in custody at the Lyon County Justice Complex in Yerington, Nevada, awaiting trial on her state criminal charges before the Third Judicial District Court of Nevada in case number CR0008262. (ECF No. 1-1 at 1–2.) In her Petition, Calbazana requests that the Court "release [her] from detention; . . . return all clothing and property; [and] dismiss[ ] charges from 12/16/24 arraignment." (*Id.* at 7.) According to Calbazana, the sheriff's office forged a warrant for her arrest, and she was not arraigned on her charges until 5 days after her arrest. (*Id.* at 6.)

---

[1] The Court exercises its discretion to apply the rules governing § 2254 petitions to this § 2241 action. *See* Habeas Rule 1(b).

1

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Although it is not clear what, if anything, Calbazana has filed before the state district court challenging her pretrial detention on the grounds she raises in her instant Petition,[2] Calbazana has not filed any case with the Nevada appellate courts.[3] As such, Calbazana has not demonstrated that she has fully exhausted her state court remedies. *See Picard v. Connor*, 404 U.S. 270, 276

[2]Notably, the Third Judicial District Court of Nevada does not have online docket records.

[3]The Court takes judicial notice of the online docket records of the Nevada appellate courts.

(1971) (holding that to properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court"); *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994) (holding that a claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based). As a matter of simple comity, the Court is not inclined to intervene prior to giving the Nevada courts an opportunity to redress any violation of Calbazana's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights").

Further, Calbazana seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to her. The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). This case does not present extraordinary circumstances. Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Calbazana's situation is no different in substance from that of any criminal defendant facing the potential

loss of constitutional rights—including the most fundamental right to liberty—in a pending criminal prosecution. Because Calbazana faces no extraordinary or irreparable injuries, federal abstention is required.

Given the unexhausted nature of Calbazana's Petition and Calbazana's failure to demonstrate that federal abstention should be set aside, the Court dismisses the Petition without prejudice.

## III.    CONCLUSION

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

It is further ordered that the Petition (ECF No. 1-1) is dismissed without prejudice. Calbazana is denied a certificate of appealability, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[4] (3) informally serve the Nevada Attorney General with the Petition (ECF No. 1-1), this Order, and all other filings in this matter by sending a notice of electronic filing to the Nevada Attorney General's office, (4) enter final judgment, and (5) close this case.

DATED THIS 19th day of March 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[4]No response is required from Respondents other than to respond to any orders of a reviewing court.

4